ERVIN J. FRIEDE, Receiver-Trustee, et al.

vs.

BENJAMIN F. BERNSTEIN, ET AL.

Superior Court        Hartford County        File #51477

Present: Hon. JOHN A. CORNELL, Judge.

Wells, Davis, Schaefer & Locke,    Attorneys for the Plaintiff.

Printing of numerous counsel omitted.

**MEMORANDUM FILED MAY, 1936**

CORNELL, J. The motion alleges several reasons why, as it is claimed, the plaintiffs George C. Holmberg, Frank C.

Ball, Carol J. Easterberg, George F. Hardie and Pat G. Morris are not proper parties.

It does not seek to have the alleged misjoined parties dropped and the action then permitted to proceed on the part of the remaining party plaintiff, but to have the action dismissed in toto.

It appears from what is said in **White, et al. vs. Portland, 67 Conn., 272, 278,** that in the period when the defect of misjoinder of parties was required to be reached by demurrer, the result which the moving defendant here seeks to achieve was obtainable. This would unavoidably happen if a demurrer was sustained and the plaintiff thereafter failed to correct the fault. In such case, as in any other, the party might elect to stand on his rights as he perceived them and suffer judgment to be entered on the sustained demurrer. Then, unless the court exercised the power residing in it to order a party dropped the demurrer, if well founded, would effect the dismissal of the action.

But a demurrer may be no longer employed to attack a misjoinder of parties and with its ineligibility for the purpose, the harsh results which its use might entail have disappeared.

The sole remedy now available is by motion, **Practice Book Sec. 65,** which if granted as to one or more parties, permits the action to proceed as between those which remain. **General Statutes, Revision 1930, Section 5522. Cogswell vs. Second National Bank, 76 Conn., 252, 262.** This is in harmony with the body of statutory law which envisions the addition or dropping of parties at any state of a proceeding.

The purpose of the instant motion, if effectuated, would produce the very results which were sought to be avoided by the relegation to disuse of the demurrer.

Its design calls for no determination of whether the named parties are properly joined or not, since its design cannot be accomplished. If a decision on that point is desired, the issue must be raised by appropriate motion.

The present motion is denied.